UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SUKHPREET SINGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-047 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Sukhpreet Singh is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.

Petitioner acknowledges *Buenrostro*, but argues that "his continued detention violates the Fifth Amendment because Respondents re-detained him without notice, without individualized justification, and without providing meaningful procedural safeguards sufficient to satisfy constitutional due process." (Statement, Doc. 6, 4) The Court concludes that Petitioner's claims lack merit.

## **I.**

In 2023, Petitioner entered the United States. At that time, he was detained and then released under Section 1226(a), enabling him to live within the United States. (Pet., Doc. 1, ¶ 9) In November 2025, Petitioner was arrested without notice and detained based on Section 1225(b)(2)(A). (*Id.* at ¶ 2)

1 / 3

Petitioner contends that having initially detained him under Section 1226, and through which he obtained release, Respondents cannot reclassify and detain him under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing. (Pet., Doc. 1, ¶ 46–52; Statement, Doc. 6, 2)

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez,* 166 F.4th at 503. The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.,* at 507.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro,* has applied to Petitioner since he entered the country without being admitted or paroled.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him.  But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision.  Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

## II.

In his Petition (Doc. 1) and subsequent Statement (Doc. 6), Petitioner contends that his detention violates his due process rights under the Fifth Amendment.

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention without a bond hearing does not violate his due process rights under the Fifth Amendment.

### III.

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Petitioner Sukhpreet Singh's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on April 2, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.